Marian HUTNICK, Appellant,

v.

Donald BEIL and Mercantile Trust Company as a Successor Trustee of the Joseph E. Beil Trust, Respondents.

No. ED 81105.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 3, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 22, 2004,

Application for Transfer Denied April 27, 2004.

Melroy B. Hutnick, Belleville, IL, Ronald L. Rothman, St. Louis, MO, for Appellant.

Charles A. Seigel III, Clayton, MO, Michael W. Bartolacci, James H. Ferrick III, James E. Crowe III, St. Louis, MO, for Respondents.

Before SHERRI B. SULLIVAN, C.J., ROBERT G. DOWD, JR., J., and GEORGE W. DRAPER III, J.

### ORDER

PER CURIAM.

Marian Hutnick (hereinafter, "Daughter") filed her four count petition on January 12, 2000. Daughter sought to remove Lillian Beil (hereinafter, "Mother") and Donald Beil (hereinafter, "Brother") as co-trustees of the Joseph E. Beil Trust. Daughter also wanted to remove Mother as the trustee of the Lillian Beil Trust, and she sought monetary damages from Brother for his tortious interference with her expectancy of an inheritance. After the parties agreed to terminate the trusts resulting in a dismissal of all remaining counts of the petition, the only issues before the trial court were whether attorneys' fees were to be paid and in what amount, and its approval of Mercantile Trust Company's [1] (hereinafter, "Mercantile") final settlement of account. In its final judgment, the trial court approved Mercantile's final settlement of account and held Mercantile was entitled to reimbursement from the Joseph E. Beil Trust for attorneys' fees and expenses. The trial court also held Brother and Mother were entitled to reimbursement from the trust for legal fees and expenses which are to be reimbursed by Daughter and can be taken from her distributive share of the Joseph E. Beil Trust. Daughter brings this sixteen point appeal.

We have reviewed the briefs of the parties and the record on appeal. There were several motions taken with the case. The first was withdrawn voluntarily. The second motion seeks to dismiss Daughter's appeal for failure to comply with the dictates set forth in Rule 84.04. Due to the gross deficiencies of some of the points on appeal, this motion taken with the case is granted in part and denied in part. All remaining motions taken with the case are denied. The judgment is supported by substantial and competent evidence in the record and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no precedential value. We

---

1. Mercantile Trust Company currently is doing business as U.S. Bank National Association.

have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).